IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JAMES L. CLARK, : | CIVIL ACTION |
| Plaintiff, : |  |
| v. : | No. 04-4039 |
| CITY OF COATESVILLE, : PAUL JANSSEN, City Manager, & : PRESIDENT OF CITY COUNCIL, : | |
| Defendants. : |  |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                   **SEPTEMBER 25, 2007**

Plaintiff James L. Clark has filed a civil rights action against Defendants City of Coatesville ("City"), Paul Janssen, City Manager, and President of City Council. Presently before this Court is Clark's Motion to Reinstate his Complaint. For the following reasons, this Motion is denied.

**I.      BACKGROUND**

Clark alleges that the City demolished a building on his property in 2001 and never compensated him for his loss. Furthermore, he claims that he was never afforded proper notice or a hearing before the City demolished his building. Clark stated that Mr. Pilotti, who was the City Manager, acknowledged that the city improperly knocked down his building and advised him that he would be compensated. Mr. Pilotti, however, died on July 12, 2002. Clark then tried to contact the new City Manager, Paul Janssen, to request his compensation. According to Clark, Mr. Janssen gave him "the run around." Again in 2004, Clark sent a letter to Janssen requesting

compensation and requesting to be added to the city counsel agenda.  Both requests were refused.

Thereafter, in July 2004, Clark filed a civil rights action against Defendants in the Court of Common Pleas of Chester County, Pennsylvania.  On August 25, 2004, Defendants removed the case to this Court.  Defendants then filed a Motion to Dismiss on September 1, 2004.  Before this Motion was decided, Clark filed a Notice of Voluntary Dismissal without Prejudice on September 17, 2004.  The case was thus terminated.  Now, three years later, Clark has filed a Motion to Reinstate his Complaint.

Clark claims that he withdrew his Complaint because after he filed the lawsuit, "the city of Coatesville acting through its City manager advised Clark [that] the city would help get him compensated for the [i]llegal destruction of his property" and the city "also filed an indication in its pleadings that the city would support Clark in his attempt to get compensation."  (Clark's Mot.  Reinstate Compl., ¶ 5,6).  He allegedly relied on these indications and withdrew his Complaint.  According to Clark, Defendants only offered these indications so as to "hoodwink" him into withdrawing his Complaint.  (Id. at ¶ 8,9).

## II.    DISCUSSION

This Court does not have the power to reinstate Clark's Complaint because a district court does not retain jurisdiction over a case after a voluntary dismissal.  Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may dismiss his case "without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."  F. R. Civ. P. 41(a)(1).  Here, because Clark filed a notice of voluntary dismissal and Defendants did not file an answer or a motion for

summary judgment, he was in accordance with Rule 41(a)(1)(i).[1]

When a plaintiff voluntarily dismisses an action, he removes himself from the dispute and "the dispute vanishes." Schering Corp. v. Vitarine Pharm., Inc., 889 F.2d 490, 495 (3d Cir. 1989). "In some sense, '[i]t is as if the suit had never been brought.'" Id. "[A] dismissal under Rule 41(a)(1)(i) strips a court of 'jurisdiction.'" Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1078 (7th Cir. 1987). "The dismissal terminates the case all by itself." Id. Therefore, this Court no longer has jurisdiction over Clark's case and thus, lacks the power to reinstate his Complaint.

Furthermore, Clark's Complaint cannot be reinstated anyway because his civil rights claims under 42 U.S.C. § 1983 are barred by the statute of limitations. In § 1983 actions, federal courts apply the state's statute of limitations for personal injury actions. Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Pennsylvania's statute of limitations for personal injury is two years. Id. A § 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based. Id. A statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice. Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983). Instead, "the original complaint is treated as if it never existed." Id.

Here, Clark knew of his injury in 2001 when his property was demolished by the City.

---

[1] It is important to note that this Court will not treat Defendants' Motion to Dismiss for failure to state a claim as a motion for summary judgment. The plain language of this Rule states that only an answer or summary judgment motion can extinguish a plaintiff's right to dismiss the complaint without prejudice. Manze v. State Farm Ins. Co., 817 F.2d 1062, 1066 (3d Cir. 1987). Nevertheless, some courts have treated a Rule 12(b)(6) motion as a summary judgment motion for Rule 41(a)(1)(i) purposes. Id. Here, Defendants' Motion cannot be treated as such because it was directed exclusively to and assumed as true the facts alleged in Clark's Complaint. See Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ., 760 F.2d 14, 17 (1st Cir. 1985).

Thus, the two-year statute of limitations period ran in 2003, and he is now four years beyond it. In actuality, Clark was already outside the statute of limitations period when he initially filed his Complaint in 2004.[2]

Therefore, this Court will not reinstate Clark's Complaint and his Motion is denied.

An appropriate Order follows.

---

[2] Besides a 14th Amendment claim brought pursuant to § 1983, it appears from Clark's Complaint that he was also trying to bring this action directly under the Pennsylvania Constitution. This claim would also be barred by the statute of limitations because the same two-year period that governs § 1983 actions also governs claims brought directly under the Pennsylvania Constitution. Graham v. City of Phila., No. 01-2593, 2002 WL 1608230, *7 (E.D. Pa. 2002).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. CLARK, : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | No. 04-4039 |
| CITY OF COATESVILLE, : | |
| PAUL JANSSEN, City Manager, & : | |
| PRESIDENT OF CITY COUNCIL, : | |
| Defendants. : | |

## ORDER

**AND NOW**, this 25th day of September, 2007, upon consideration of Plaintiff James L. Clark's Motion to Reinstate his Complaint, and the Response in Opposition thereto, it is hereby

**ORDERED** that Plaintiff's Motion (Doc. No. 11) is **DENIED**.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE